IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr147-MHT |
| | ) | (WO) |
| ANTONIO DARSET KING, SR. | ) | |

OPINION AND ORDER

Defendant Antonio Darset King, Sr. is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); one count of possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  He is representing himself.

This cause is before the court on the government's motion to move, for security reasons, the trial of this case from Opelika to Montgomery, Alabama, albeit with jury selection to remain in Opelika.  A hearing was

held on this motion on December 14, 2015. For the reasons set forth below, the motion will be granted.

The Middle District of Alabama is divided into three divisions: the Northern Division, the Eastern Division, and the Southern Division. The court's jury plan provides, under ordinary circumstances, "Jury trials shall be held in the division in which the case is filed." M.D. Ala. Jury Plan § 16(b). This case was filed in the Eastern Division and, accordingly, trial was set at the courthouse in Opelika.

However, the plan also allows a presiding judge to determine "for reasons of security or other good cause ... that a case will be tried in Montgomery." Id. The government argues that security concerns warrant relocation of this trial for two reasons. First, it contends that the facilities at the Opelika courthouse are not sufficient to hold both King and the other in-custody witness who will testify at trial, while maintaining the necessary separation between the two. A representative of the United States Marshal

Service testified that, given that the Opelika courthouse has only one cell, it would be impossible to keep the premises secure if the trial were held in Opelika.  The court agrees.  As explained in <u>United States v. McGregor</u>, 2011 WL 1344189 (M.D. Ala. 2011) (Thompson, J.), "The reasoning behind the ... provision for transfer for reasons of security or other good cause would be self-evident to anyone who has visited the courthouse[] in the Eastern Division. ... [I]n criminal cases where it is necessary that two or more in-custody defendants or witnesses be kept in separate cells, this cannot be done."  2011 WL 1344189, at *2 (internal quotation marks omitted).

Second, the government argues that, due to the layout of the Opelika courthouse, which is such that an in-custody defendant cannot be transported from the courthouse's holding cell to the courtroom without coming into contact with the general public and probably even with the jury, King's history of volatile behavior and past failure to comply with Marshal

3

requests present a significant security risk. The evidence reflects that, on one occasion, King failed to comply with a Marshal's request that he exit his cell; that Marshal almost had to use a taser to force King to comply. King does not dispute that this incident took place. Further, the court itself has observed that King has been, on occasion, verbally volatile and easy to excite. King's behavior suggests that he poses a likely risk to the public, with whom he would certainly have contact at the Opelika courthouse. Holding trial at the Montgomery courthouse would greatly reduce any potential risk; in Montgomery, the layout of the courthouse allows Marshals to easily remove defendants from the courtroom and to transport them to a secure place without using public spaces.

Moreover, moving the trial to Montgomery will not violate King's rights. Because the jury will be selected in Opelika, his right to a jury drawn from a fair cross-section of the community will be preserved. See United States v. Grisham, 63 F.3d 1074, 1080 (11th

Cir. 1995) ("[T]he fair cross-section requirement is a means of ensuring that the Sixth Amendment's guarantee of an impartial jury is met."). The sole change will be the location of the trial itself. Further, although the government's motion noted that King was initially opposed to the trial being relocated to Montgomery, see Government's Mot. Move Trial and Hearing ¶4 (doc. no. 144), at the hearing on this matter King indicated he is indifferent to the location as long as he receives a fair trial.

For these reasons, security concerns warrant moving this trial from Opelika to Montgomery.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The government's motion to move the trial (doc. no. 144) is granted.

(2) Jury selection shall remain set for January 4, 2016, at the Federal Courthouse located at 500 South 7th Street in Opelika, Alabama.

5

(3) After jury selection, trial shall begin on a later day in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 16th day of December, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE