IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr147-MHT |
| | ) | (WO) |
| ANTONIO DARSET KING, SR. | ) | |

OPINION AND ORDER

Defendant Antonio Darset King, Sr. is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); one count of possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On December 14, 2015, at the beginning of a hearing on the government's motion to move King's trial from Opelika to Montgomery, Alabama for security reasons, King informed the court that he refused to continue to be represented by his court-appointed counsel. He

moved that his current counsel be discharged and that new counsel be appointed to represent him. For reasons that will be explained, the court will grant his motion to discharge his current counsel, will deny his motion for new appointed counsel, and will allow him to represent himself, albeit with standby counsel.

Since the early stages of this case, King has had difficulty trusting his appointed counsel, and has suspected attorneys, the court, and others of being involved in a conspiracy against him. Due to these suspicions, the court twice has had to appoint new attorneys to represent King. King was represented initially by two attorneys from the federal public defender's office. However, after King contacted the court with concerns about these lawyers, they moved to withdraw, and the court granted the motion and appointed a panel attorney, Jon Carlton Taylor. Taylor moved to withdraw--on King's request--after King accused Taylor of working in conspiracy against him.

The court allowed Taylor to withdraw and appointed a new attorney, Daniel Hamm.

Hamm questioned King's competency after King made similar accusations against him. Hamm moved for King to receive a mental examination, which he received at the Federal Detention Center in Miami. Based on the psychologist's findings, the court determined that King was competent to stand trial. After Hamm withdrew from the case for reasons unrelated to King, the court appointed King's most recent attorney--Roianne Conner. Because he now claims that Conner is involved in a conspiracy against him, King has asked the court to discharge Conner as his attorney and to appoint him new counsel.

Because King has already been represented by several different attorneys, and because the court is convinced that his current attorney is providing adequate representation, the court will deny his motion for new counsel. See United States v. Garey, 540 F.3d 1253, 1263 (11th Cir. 2008) (quoting Thomas v.

3

Wainwright, 767 F.2d 738, 742 (11th Cir. 1985), for the proposition that a criminal defendant "does not have a right to have a particular lawyer represent him, nor to demand a different appointed lawyer except for good cause").

The court also must address King's request to discharge counsel and whether to allow him to represent himself.  At the hearing, the court advised King that he could either proceed with Conner as his counsel or represent himself.  King steadfastly refused to work with Conner in any capacity.  When asked whether he wished to represent himself, King repeatedly responded that he refused to be represented by Conner.

In Garey, the Eleventh Circuit, sitting en banc, held that a waiver of counsel may be valid "not only when a cooperative defendant affirmatively invokes his right to self-representation, but also when an uncooperative defendant rejects the only counsel to which he is constitutionally entitled, understanding his only alternative is self-representation with its

many attendant dangers." Garey, 540 F.3d at 1265. In either case, the waiver of counsel must be knowing and voluntary. See id. at 1266; Iowa v. Tovar, 541 U.S. 77, 82 (1970).

King validly waived counsel by his words and actions at the hearing. King was given two constitutionally permissible choices--to either proceed with appointed counsel, or represent himself. While he did not affirmatively invoke his right to self-representation, he made clear several times that he refused to be represented by Conner. He maintained this position even after the court cautioned him at length about the dangers of self-representation. The court advised him that due to his lack of familiarity with the law, court procedure, and rules of evidence, it would be unwise for him to represent himself. The court explained to King in detail the charges in this case and the applicable statutory penalties. Further, the court engaged King in a Faretta-like dialogue, questioning him as to his familiarity with the rules of

5

evidence and criminal procedure and informing him that he must abide by those rules in court and asking him to confirm that he was acting of his own free will. See Faretta v. California, 422 U.S. 806, 835 (1975); Garey, 540 F.3d at 1267-68 ("So long as the trial court is assured the defendant (1) understands the choices before him, (2) knows the potential dangers of proceeding pro se, and (3) has rejected the lawyer to whom he is constitutionally entitled, the court may, in the exercise of its discretion, discharge counsel or (preferably, as occurred here) provide for counsel to remain in a standby capacity. In such cases, a Faretta-like monologue will suffice."). Because he continued to reject the option of representation by his competent counsel after being thoroughly warned of the dangers of proceeding pro se, King's conduct evidenced a knowing and voluntary waiver of his right to counsel. See id. at 1269 (relying on the defendant's refusal to work with appointed counsel, the court's description of the charges and the applicable guideline sentence, and

6

its warning the defendant about proceeding pro se and the "dangers [that] lay along the path of self-representation" to determine that he voluntarily and knowingly waives his right to counsel); <u>United States v. Morris</u>, 2009 WL 1109358, at *2 (M.D. Ala. 2009) (Thompson, J.) (finding that defendant's waiver had been knowing and voluntary where the court had informed him "of the dangers and disadvantages of self-representation, of the choices he now had, and of the consequences of his actions"), <u>aff'd</u>, 489 Fed. Appx. 407 (11th. Cir. 2012). Therefore, in accordance with <u>Garey</u>, Conner will be discharged as counsel but will be appointed as standby counsel. King will represent himself.

***

Accordingly, it is ORDERED and DECLARED as follows:

(1) Defendant Antonio Darset King, Sr.'s oral motion to discharge Roianne Conner as counsel is granted.

7

(2) Defendant King's oral motion for appointment of new counsel is denied.

(3) Defendant Antonio Darset King, Sr. has knowingly and voluntarily waived his Sixth Amendment right to counsel and is permitted to exercise his right to represent himself.

(4) Attorney Roianne Conner is appointed as standby counsel for defendant King.

DONE, this the 21st day of December, 2015.

                                /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE