IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CASE NO. 3:14-cr-147-JDW |
| | ) | |
| ANTONIO DARSET KING, SR. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  Pending before the court are the pro se Motion for Reconsideration (Doc. 192), a pro se Motion for Second Suppression Hearing (Doc. 193) and the Amended Motion for Evidentiary Hearing (Doc. 217).  For the reasons discussed below, the undersigned recommends denial of the motions.

### I.    BACKGROUND

These particular suppression issues raised by Defendant Antonio Darset King, Sr. ("King") have a lengthy history before the court.  They began with King's motion to suppress (Doc. 73, filed October 7, 2014) for which the court held an evidentiary hearing on October 30, 2014.  After a delay due to the psychiatric evaluation of the defendant, the Court issued its ruling on July 31, 2015 whereby the motion to suppress was denied.  *See* Doc. 120.  A summary of facts and issues are detailed in this opinion.  *Id*.

After refusing to work with any of his four court-appointed defense counsel, the court granted King's request to discharge counsel.  *See* Doc. 183.  Since December 21, 2015, King has represented himself albeit with standby counsel.  *Id*.  King then filed his *pro se* motion for

reconsideration (Doc. 192) followed by the pro se Motion for Second Suppression Hearing (Doc. 193) and the Amended Motion for Evidentiary Hearing (Doc. 217).  The issues raised appeared to be only those that were previously addressed by the earlier motions to suppress and opinions.  However, out of an abundance of caution, the court determined it appropriate to conduct a hearing on whether the suppression issue should be re-opened.  On February 5, 2016, the court issued an order setting a hearing on the motions.  *See* Docs. 218-221.

On February 11, 2016, the court convened a hearing to consider the motions.  At the hearing, King said he was unprepared to litigate the motions because he received insufficient notice to prepare for the hearing.  The undersigned determined the hearing would be continued until February 17, 2016.  King said he still would not be ready to litigate the motions at the set time, but the court determined it would be sufficient time and informed King no further continuances would be granted inasmuch as the Magistrate Judge had to hold a hearing, prepare a recommendation, and enter the recommendation in sufficient time for the District Judge to review any objections.  Defendant King was also orally informed should he need assistance to obtain subpoenas, he could utilize his stand-by counsel.  The next day, the court entered an order memorializing the reset hearing date as previously announced in open court.  *See* Doc. 223.  Late in the afternoon on February 16, 2017 King moved for the issuance of several witness subpoenas.  *See* Docs. 224-225.  Though ultimately King's responsibility and despite the late hour, the Court's staff diligently worked to contact as many of the listed witnesses for the scheduled hearing the next day and have them appear.

On February 17, 2017, the hearing reconvened at the scheduled time.  At the outset of the hearing, the court reminded King that it only needed to hear whatever <u>new</u> information King had for consideration.  The hearing began with testimony from Lieutenant Harold Smith ("Lt Smith")

who was the affiant on the search warrant.  During the direct examination by King, the court repeatedly reigned in questioning by King and restricted him to relevant matters.  King persisted in his efforts to delve into irrelevant matters and materials which were of no consequence to the ultimate issues before the court.  After Lt Smith testified, King called Deputy Brent Hopkins to testify.  Before the testimony from Deputy Hopkins began, the court requested King proffer the expected testimony of Deputy Hopkins to demonstrate the relevance of the testimony the witness might offer.  The basis for the request of proffer was because Lt Smith said he was the sole affiant in the search warrant affidavit and that no one else was party to the affidavit.  In response, Defendant King indicated that he intended to show, in his opinion, that Deputy Hopkins gave inaccurate information in another report within the case file.  The court noted that even if taken as true, the statement King intended to show was inaccurate was not mentioned in the search warrant affidavit therefore it was irrelevant to the issue before the court as it was not within the four corners of the affidavit.  By having the offer of proof on the record, the issue was preserved should an appeal become necessary on that specific issue.

When asked to call his next witness, King called Deputy Danny Bussey.  The court again requested an offer of proof to demonstrate the relevance of Deputy Bussey's testimony.  At this point, King became angry, abusive and directed contemptuous language toward the court and indicated that he did not wish to go forward.  This is not the first time King had become disruptive and disrespectful to the court.

In a prior hearing, King engaged in similar conduct before the undersigned.  King was warned that if he continued to be disruptive and disrespectful, he would be taken an area where he could observe by video, but not disturb the proceedings.  When he continued his behavior, the court had King removed to a location with video teleconference ability to observe the

proceedings.  Once King was present by video teleconference, the court asked standby counsel, who was present in the courtroom throughout the hearing, if there was further evidence for the court to consider.  Standby counsel indicated there was no further evidence and the court adjourned the hearing.

At the February 17, 2016 hearing, when King because disruptive, he told the court that he did not want to continue.  Nothing before the court changes the prior opinion on this same suppression issue.  *See* Doc. 120.  Further, as a hearing was held and the majority of King's witnesses were present (due to court staff assistance), the ex parte application for subpoenas (Doc. 224) was rendered moot.  Next, King's request for an additional continuance (Doc. 230) was filed after the initiation of the final hearing and he did not orally raise it at the beginning of the hearing.  Therefore, that motion is also rendered moot.

## II.    CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that defendant King's pro se Motion for Reconsideration (Doc. 192), pro se Motion for Second Suppression Hearing (Doc. 193) and the Amended Motion for Evidentiary Hearing (Doc. 217) be **DENIED**.  The Magistrate Judge also recommends the Motion to Continue (Doc. 230) and *Ex parte application in forma pauperis for subpoenas* (Doc. 224) be **DENIED as moot**.

It is further **ORDERED** that the parties file any objections to this Recommendation on or before **March 3, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 18th day of February, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE